RECEIVED
UNITED STATES DISTRICT COURT USDC CLERK, CHARLESTON, SC
DISTRICT OF SOUTH CAROLINA

2007 MAR 28  P 3: 57

Eugene Walters,                                ) C/A No. 9:07-543-HFF-GCK
                                               )
                    Petitioner,                )
vs.                                            ) **Report and Recommendation**
                                               )
John LaManna, Warden,                          )
                                               )
                    Respondent.                )
_____)

The Petitioner, Eugene Walters (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal prisoner at the Federal Correctional Institution in Edgefield, South Carolina. The Petition should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* Review



Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* Petitions liberally. Such *pro se* Petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a Petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* Petition, the Petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner was convicted by the State of Georgia "for conduct the Federal government also prosecuted." After completion of his state sentence, Petitioner was taken to Federal Correctional Institution Talladega to serve a one hundred and twenty (120) month sentence for Possession of a Firearm by a Convicted Felon. Petitioner, through administrative remedies, had his federal sentence reduced from one hundred twenty (120) months to ninety-six (96) months, nine (9) days, to reflect the time he served in state custody. Petitioner challenges the Federal Bureau of Prison's (FBOP) recalculation of his Good Conduct Time (GCT) to include only the time he serves, rather than the total sentence. Petitioner contends that he is entitled to immediate release.

## Discussion

The issue raised by Petitioner concerning his GCT basically presents the question of whether Congress intended that prisoners receive time credits for good conduct based upon <u>the total sentence</u>

or <u>the time actually served</u>. The statutory language is found in 18 U.S.C. § 3624(b)("Credit toward service of sentence for satisfactory behavior)":

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year [,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Implementing the statute under 28 C.F.R. § 523.20, the FBOP adopted Program Statement (PS) 5880.28, under which GCT is computed and credited at the end of each anniversary year. Few prison sentences are imposed in twelve month units. Therefore, FBOP pro-rates GCT on a daily basis. The maximum annual GCT (54 days) divided by 366 (one year and one day, reflecting the minimum sentence in the statute). The result is a co-efficient of 0.148. Thus, one day of satisfactory behavior equals a 0.148 day of GCT. Therefore seven (7) days of satisfactory behavior are required to earn a full day of GCT (actually, 1.036 day).

Critics of PS 5880.28 argue that application of this co-efficient precludes the actual award of a full 54 days of credit for any prisoner in any year. A model prisoner can earn 54 GCT days in a 365 day period of imprisonment. Apportioning those days at the end of the anniversary year yields the following: 311 days served on the actual sentence + 54 GCT days = 365 days. When the 311

days served on the sentence are multiplied by the 0.148 co-efficient, the result is 45.6 or 46 GCT days. FBOP therefore holds that the correct GCT award for a perfect year is not 54 days but a range between 46 and 54 days. For all practical purposes FBOP settles on 47 days in most cases. The debate over PS 5880.28 essentially concerns the FBOP's use of "time served" rather than "sentence imposed" in applying the statutory phrase "term of imprisonment." The Petitioner makes this precise argument, stating "it is irrelevant whether he serves the entire term, the good time credits are due in full based on the original term of 120 months."

The FBOP's PS 5880.28 has been challenged in United States District Courts across the nation in recent years. In *Pacheco-Camacho v. Hood*, 272 F. 3d 1266 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit was the first of the circuit courts to address the issue. *Pacheco-Camacho* held that the phrase "term of imprisonment" in § 3624 was ambiguous. Finding that PS 5880.28 was a reasonable and valid agency interpretation of an ambiguous statute, the Court deferred to the FBOP and upheld the GCT policy.

Other Circuits have followed. *See Wright v. Federal Bureau of Prisons*, 451 F.3d 1231 (10th Cir. 2006); *Brown v. McFadden*, 416 F. 3d 1271 (11th Cir. 2005); *Bernitt v. Martinez*, 432 F.3d 868 (8th Cir. 2005); *Sample v. Morrison*, 406 F. 3d 310, (5th Cir. 2005)(originally an unpublished opinion); *O'Donald v. Johns*, 402 F. 3d 172, (3rd Cir. 2005); *Perez-Olivio v. Chavez*, 394 F. 3d 45 (1st Cir. 2005); ; *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004).

On June 17, 2005, the Fourth Circuit joined the majority of circuits rejecting these challenges by finding the phrase "term of imprisonment" in § 3624 was ambiguous, and deferring to the FBOP's interpretation of the statute in regulations concerning GCT as reasonable and valid agency interpretation of an ambiguous statute. *See Yi v. FBOP*, 412 F. 3d 526 (4th Cir. 2005). The sole issue

presented in this § 2241 Petition has, therefore, been foreclosed by controlling precedent in this Circuit. The petition must be dismissed.

### Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). Petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

March 28, 2007
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).